UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RICHARD KEITH JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15-cv-01499-JMS-DKL |
| | ) | |
| MARK  DODD Chaplin, | ) | |
| DUSHAN  ZATECKY Superintendent, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Motion for Summary Judgment**

Plaintiff Richard Keith Johnson, who at all relevant times was incarcerated at Pendleton Correctional Facility ("Pendleton"), brought this action against defendants Chaplin Mark Dodd and Superintendent Dushan Zatecky, alleging that they violated his First Amendment religious free-exercise rights and that Chaplin Dodd retaliated against him for filing a grievance.  The defendants move for summary judgment on the ground that Mr. Johnson failed to exhaust his administrative remedies before bringing this suit.  Mr. Johnson did not respond to the defendants' motion, and the time to do so has passed, leaving the defendants' motion unopposed.  For the reasons explained in this Entry, the defendants' unopposed motion for summary judgment is **granted**.  [Filing No. 20.]

**I.**
**Background**

Mr. Johnson was at all times relevant to this action an inmate at Pendleton.  Defendants Superintendent Zatecky and Chaplin Dodd worked at Pendleton during that period.  Mr. Johnson alleges that they violated his religious free-exercise rights when they denied him a religious meal

and the ability to wear a religious medicine bag, and that Chaplin Dodd retaliated against him for filing a grievance regarding prison conditions.

The defendants move for summary judgment on the ground that the claims are barred under the exhaustion provision of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, that requires a prisoner to first exhaust his available administrative remedies before filing a lawsuit in court.

As noted above, Mr. Johnson did not respond to the defendants' motion for summary judgment. The consequence is that Mr. Johnson has conceded the defendants' version of the events. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). This does not alter the standard for assessing a Rule 56 motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

Accordingly, the following facts, unopposed by Mr. Johnson and supported by admissible evidence, are accepted as true:

The Indiana Department of Correction ("IDOC") has an Offender Grievance Process through which inmates, including those at Pendleton, can grieve issues related to their conditions of confinement, such as the claims at issue here. The Offender Grievance Process in effect at all times relevant to this action consisted of three stages. First, an inmate must attempt to resolve the grievance informally through officials at the facility by contacting staff within five working days

of the incident at issue to discuss the matter and seek informal resolution.  Second, if the inmate is dissatisfied with the informal response or the staff person does not respond within ten working days, the inmate may proceed to the Level I Formal Grievance Process during which the inmate must submit a formal written grievance to the prison official or staff member designated to accept grievances within twenty working days of the incident.  Third, if the inmate is dissatisfied with the response to his formal written grievance or a response to the grievance is not received within twenty-five working days, the inmate may file an appeal with IDOC's Department Offender Grievance Manager within ten business days of the response or the expiration of the twenty-five day timeframe for a response.  The appeal must be submitted to the facility Executive Assistant or the designated Grievance Coordinator.  The Offender Grievance Process is complete, and all administrative remedies are fully exhausted, once the inmate has received a response to his grievance appeal.

Jessica Matthews was at all times relevant to this action the Grievance Coordinator at Pendleton, and as such, she was responsible for the second step of the grievance process and logging and forwarding all grievance appeals.  Ms. Matthews reviewed the grievance records for Mr. Johnson while he has been incarcerated at Pendleton.  The grievance records reveal that Mr. Johnson filed an informal grievance regarding the issues raised in this action on December 30, 2014; he filed a formal grievance about the same issues on January 5, 2015; but he did not complete the third step of the grievance process by appealing his formal grievance.  Mr. Johnson knew that he needed to appeal his formal grievance to fully exhaust his administrative remedies because he appealed many formal grievances during his incarceration, including during his time at Pendleton.

## II.
## Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to this motion for summary judgment is the PLRA, which requires that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; s*ee Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted). Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Id.* at 90 (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's

administrative rules require." *Pozo*, 286 F.3d at 1025; *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Because exhaustion is an affirmative defense, "the burden of proof is on the prison officials." *Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006).  So here, the defendants bear the burden of demonstrating that the plaintiff failed to exhaust all available administrative remedies before he filed this suit.  *Id.* at 681.

### III.
### Discussion

The undisputed facts demonstrate that the defendants have met their burden of proving that Mr. Johnson "had available remedies that he did not utilize."  *Dale*, 376 F.3d at 656.  Because Mr. Johnson did not respond to the defendants' motion, he has not identified a genuine issue of material fact supported by admissible evidence that counters the facts offered by the defendants. These facts include that Pendleton had a grievance process in place through which Mr. Johnson could have complained about the incidents at issue in this action regarding his religious rights and right to be free from unconstitutional retaliation.  Mr. Johnson knew of this process as he had previously fully exhausted other claims, and he was specifically notified of his right to appeal the denial of his formal grievance in this case.  Although Mr. Johnson utilized the first two steps of the Offender Grievance Process, he did not file a grievance appeal as is required to fully exhaust his administrative remedies.

Accordingly, the undisputed evidence shows that Mr. Johnson did not exhaust his administrative remedies as required by the PLRA.  The consequence of this, in light of 42 U.S.C. § 1997e(a), is that Mr. Johnson's claims against the defendants must be dismissed without prejudice.  *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

**IV.**
**Conclusion**

For the reasons explained above, the defendants' motion for summary judgment is **granted**.   [Filing No. 20.]   Mr. Johnson's claims are **dismissed without prejudice**.   Final Judgment shall issue.

**IT IS SO ORDERED.**


Date: April 19, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

RICHARD KEITH JOHNSON
8706 Spring Valley Ln.
Indianapolis, IN 46231

Electronically Registered Counsel